UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN BENJAMIN HICKMAN                   CIVIL ACTION NO. 10-cv-1470

VERSUS                                  JUDGE WALTER

JOHNNY RAY NORMAN, ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

John B. Hickman, Jr. ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 against Red River Parish Sheriff Johnny Ray Norman and Deputies Peter Drake and Michael McDuffy.  Plaintiff alleged that he slipped and fell on water in the jail and stayed on the floor for about two hours before being taken to the hospital.  Plaintiff complained only of the fall in his jail grievance and original complaint, but he asserted in an amended complaint (Doc. 20) for the first time that Deputy McDuffy hit him with a baton while he was on the floor.  Plaintiff has also filed an amended complaint (Doc. 30) that names as defendant the Red River Parish Police Jury.

Defendants have filed a Motion for Summary Judgment (Doc. 38) that attacks all of Plaintiff's claims.  Plaintiff responded with his own Motion for Summary Judgment (Doc. 44).  The motions have now been fully briefed.  It is recommended, for the reasons that follow, that Plaintiff's motion be denied and that Defendants' motion be granted, resulting in the dismissal of Plaintiff's claims.

**Summary Judgment Standard**

Under Fed. R. Civ. Pro. 56(c), the "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." A fact is "material" if it might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party.  Anderson, supra; B & A Pipeline Co. v. Dorney, 904 F.2d 996, 1002 (5th Cir. 1990).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine dispute of material fact.  Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Summary Judgment Record**

Defendants' motion is supported by affidavits from Deputies Drake and McDuffy, medical records, jail records, and other relevant documents.  Plaintiff has made a number of filings, but he has not submitted any competing deposition testimony, affidavits, or other competent summary judgment evidence.  His reply (Doc. 47) in support of his motion is notarized, but it is not sworn. Unsworn pleadings and memoranda are not competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).

Accordingly, the relevant facts for deciding the motions for summary judgment come from Defendants' submissions.

Those records show that Plaintiff, who has a long criminal history, was arrested in August 2010 for aggravated battery with a dangerous weapon after he threw gasoline on someone. He was on parole in connection with a prior felony, and the Department of Corrections placed a detainer on him for possible parole revocation.  Five days after Plaintiff was arrested, Deputy Drake was in the control room, on duty as the jailer. About 1:30 to 1:50 p.m., he was notified by inmates that Plaintiff was lying on the floor in the hallway outside the dayroom, where inmates gather during the day to watch television or talk.  Drake immediately called for backup and went to check on  Plaintiff, who he found lying outside the dayroom several feet from a water fountain.  Plaintiff told Drake that he fell and broke his back and could not move his arms or legs.  Drake testifies that Plaintiff was nonetheless moving while he was talking and did not appear to be in pain.

Plaintiff told Deputy Drake that he slipped and fell in some water. Drake responded that there was no water on the floor.  Plaintiff then reached over and grabbed a bucket under a nearby water fountain, poured some water out, and said, "That's how I fell."  No other inmates claimed to have seen Plaintiff fall.

Deputy Drake testifies that the water fountain near the site of the alleged fall did have a slow leak, and the bucket was placed under it to make sure no water got on the floor.  The leak had been reported to the police jury's maintenance department, which takes care of maintenance matters in the jail.  Drake states that he performed a headcount every two hours

that day, which required him to walk through the jail and past the water fountain.  During a round performed at noon, the bucket was not full of water and not in any danger of overflowing.

Deputy Drake offered Plaintiff a blanket and some water to drink, and he offered to help Plaintiff back to his cell.  Plaintiff refused and said, "No, I want to go to the hospital." Drake notified the chief deputy and the jail nurse.  The nurse asked him to contact the shift supervisor, Deputy McDuffy, to see if he would approve calling an ambulance.

Deputy McDuffy testifies that he received a call shortly after 2:00 p.m. to tell him that Plaintiff was lying on the floor and claiming to have fallen.  McDuffy was with a funeral procession and could not leave immediately, but he did so as soon as that duty was completed, and he arrived at the jail at about 3:15 p.m.  Plaintiff was still on the floor and said he broke his back and could not move his arms or legs.  McDuffy testifies that he talked to Plaintiff and tried to assess the situation. He flatly denies that he hit, struck, or kicked Plaintiff with a baton or anything else.  He called an ambulance at about 3:25 p.m.

McDuffy testifies that the ambulance personnel helped Plaintiff sit up, and they examined his back.  Plaintiff could not pinpoint any pain.  They placed Plaintiff on a stretcher, fully immobilized, and took him to the local emergency room.  The EMS report states that Plaintiff was "uncooperative, demanding to go to the hospital," but with "no injury or bruising or obvious injury noted."  Plaintiff was at the hospital for less than two hours. Multiple X-rays of the spine and pelvis revealed no problems.  The clinical impression was muscle strain and contusion (bruise). Plaintiff was given some medication.

Page 4 of  8

Deputy McDuffy testifies that he went to the emergency room and waited with Plaintiff.  Plaintiff, who originally claimed that he could not move and that his limbs were "frozen up," changed remarkably after he was seen by a physician and told that he was free to go. McDuffy testifies that Plaintiff got up quickly off the examine table by himself and started walking out, without any assistance, as though nothing was wrong with him.  Deputy Drake testifies that when Plaintiff returned to the jail at about 6:00 p.m., he was walking on his own as though nothing was wrong with him, and he pointed his finger at Drake and said, "I told you I would get you."  Both deputies testify that, based on their observations, they do not think Plaintiff was injured or had a serious medical condition.

**Medical Care Claim**

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92.

Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Delay in medical care can violate the constitution, but only if there has been deliberate indifference that "results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006).

The undisputed summary judgment evidence shows that Plaintiff, at most, fell and experienced minor bruises that required no significant medical treatment. Even if Plaintiff's injuries were more serious, the deputies responded promptly and treated Plaintiff's claims seriously, even though they probably had strong reservations about the veracity of Plaintiff's claims. Plaintiff was taken by ambulance to the emergency room, likely at no small cost to the Sheriff and taxpayers. After X-rays and examination, a physician determined that Plaintiff had virtually no medical problem.

There is no basis in the summary judgment record to find that Plaintiff suffered from a serious medical need. There is also no basis to find, assuming such a serious need existed, that any named defendant was deliberately indifferent to it. The record shows that they responded professionally and with reasonable promptness under the circumstances. Summary judgment is appropriate with respect to the claims against Deputies Drake and McDuffy.

There are no direct allegations against Sheriff Norman. In the absence of any underlying constitutional violation by a deputy, no liability can attach against him under Section 1983 on the typical theories of supervisor liability. City of Los Angeles v. Heller, 106 S.Ct. 1571 (1986); Smith v. Walden, 2000 WL 1056091 (5th Cir. 2000). Accordingly, the sheriff is also entitled to summary judgment.

**Police Jury**

One of Plaintiff's amended complaints (Doc. 30) added the Red River Parish Police Jury as a defendant. He asks that they be "held responsible on grounds about the water

fountain 8-14-10 incident."   He asserted that the police jury is responsible for the maintenance of such matters.

Plaintiff's allegations against the police jury are, at best, a claim of negligence.  The civil rights statute invoked by Plaintiff, 42 U.S.C. § 1983, does not provide a cause of action against a state official for a mere negligent act that causes unintended injury.  Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy); Andrews v. Belt, 274 Fed. Appx. 359, 360 (5th Cir. 2008) ("Andrews's assertion that the defendant may have known about the leaky toilet but failed to repair it at most alleges negligence, which is not actionable under § 1983").  To the extent Plaintiff attempts to state a state law claim of negligence against the police jury, the court should, pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over that claim.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Summary Judgment (Doc. 44)** be **denied** and that Defendants' **Motion for Summary Judgment (Doc. 38)** be **granted** by dismissing with prejudice all claims against Sheriff Johnny Ray Norman, Deputy Peter Drake, and Deputy Michael McDuffy, dismissing with prejudice all federal law claims against the Red River Parish Police Jury, and dismissing without prejudice any state law claims against the Red River Parish Police Jury.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).


THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of July, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE